UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONG J. FABRIZIO, JR individually and
d/b/a BROOME AUTO SALES,

                              Plaintiff,

        v.                                        08-cv-816

ERIE INSURANCE COMPANY and ERIE
INSURANCE COMPANY OF NEW YORK,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action against Defendants asserting claims of

breach of contract, conversion, unjust enrichment, bad faith insurance practices, and breach

of the covenant of good faith and fair dealing arising out of an insurance policy issued by

Defendants to Plaintiff in connection with his auto sales business.

**I.      FACTS**[1]

        The following facts are taken from the Complaint and the papers annexed thereto.

For purposes of Defendant's motion to dismiss now pending before the Court, these facts are

assumed to be true.

        Plaintiff Anthony J. Fabrizio, Jr. owns Broome Auto Sales in Binghamton, County of

Broome, State of New York.  Defendants issued to Plaintiff an insurance policy covering the

---

[1] Plaintiff's papers fail to comply with N.D.N.Y.L.R. 10.1.  They appear to have been scanned into the ECF system in a manner that cut off the bottom of each page, which may have had the effect of removing the page numbers.  Plaintiff should rectified this issue before making any additional filings.

vehicles on the premises at Broome Auto Sales.  On June 27, 2006, while the policy was in effect, there was a flood in the area of Plaintiff's business.  The flood waters caused physical damage to many of Plaintiff's automobiles in the amount of $96,825.00.  The waters also damaged Plaintiff's office records.  Plaintiff contends that he complied with all conditions specified in the insurance contract, including submitting a proof of claim and submitting to an examination under oath or, in the alternative, Defendants waived, or prevented Plaintiff from complying with, any such requirements.

Defendants sent investigators to Plaintiff's place of business.  The investigators advised that Plaintiff should do the best he could in finding paperwork to substantiate the amount of the claimed damages.  Plaintiff provided a list of damages to Defendants.  Defendants then sought permission to take the vehicles from Plaintiff's lot.  Defendants removed the vehicles to Adesa Impact in Schenectady, New York.[2]  Defendants denied Plaintiff's claim.[3]

Plaintiff then brought the instant action claiming that: (1) the refusal to pay under the terms of the policy constitutes a breach of contract; (2) Defendants' continued retention of the vehicles in Schenectady, New York and their ultimate sale caused additional damages to the vehicles, constituting a conversion; (3) Defendants' retention of policy premiums constitutes unjust enrichment; (4) Defendants acted arbitrarily and capriciously in failing to

---

[2] Defendants contend that they took the vehicles to a dry-storage facility and that, after they denied Plaintiff's claim, Plaintiff refused to pay the fees associated with continued storage of the vehicles and refused to accept delivery of the vehicles, thereby constituting an abandonment of the vehicles.  The storage facility ultimately sold Plaintiff's vehicles.  These allegations are not contained in Plaintiff's Complaint and will not be considered in connection with the pending motion.

[3] Defendants claim that they denied Plaintiff's claims because he failed to file sworn proofs of loss or submit to an examination under oath, as required by the policy, and falsified document titles in support of his claims.  These allegation are not contained in Plaintiff's Complaint and will not be considered in connection with the pending motion.

satisfy the terms of the policy, thereby constituting bad faith insurance practices; and (5) Defendants' actions constitute a breach of the covenant of good faith and fair dealing.

Defendants now move pursuant to Fed. R. Civ. P. 12 seeking judgment on the pleadings.

## II.    STANDARD OF REVIEW

"In deciding a Rule 12(c) motion, [the Court will] apply the same standard as that applicable to a motion under Rule 12(b)(6). . . ."  Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006) (internal quotation marks omitted).  The Court must determine whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007)).  In making this determination, the Court will disregard the material outside the pleadings, see Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991), but may consider "documents attached to the complaint as an exhibit or incorporated in it by reference."  Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).[4]

## III.   DISCUSSION

### a.    **Breach of Contract**

Defendants move to dismiss the breach of contract claim on the ground that Plaintiff failed to submit the requisite proof of loss and failed to appear for an examination under oath.  Defendants contend that, by letter dated September 16, 2006, it wrote to

---

[4] In reviewing the pending motion, the Court has excluded the submissions by Defendants outside the pleadings and that consist of matters not expressly referenced in, or necessary to, the Complaint.  The Court also has disregarded Plaintiff's affidavit submitted in opposition to Defendants' motion.

Plaintiff seeking to conduct an examination under oath and requesting that Plaintiff complete a sworn statement of loss. Defendants state that Plaintiff failed to respond to this request, thereby permitting them to deny coverage. The September 16 letter is outside the pleadings and, thus, may not be considered in connection with Defendants' motion to dismiss.[5]

The factual allegations in the Complaint assert that Plaintiff submitted to Defendants a proof of loss, submitted the available papers and files concerning the loss, made himself available for an examination under oath, and, alternatively, was excused from doing so by Defendants' waiver or Defendants' own conduct that prevented Plaintiff from complying with the proof of loss and examination under oath requirements. These allegations are sufficient to state a plausible claim for breach of contract. Whether Defendants properly demanded proof of loss or an examination under oath and whether Plaintiff complied with any such demands cannot be resolved on the pleadings. Rather, these are factual issues best resolved at trial or on a motion for summary judgment. Accordingly, Defendants' motion to dismiss the breach of contract claim is DENIED.

**b.** **Conversion**

Defendants move to dismiss the conversion claim on the grounds that they did not exclude Plaintiff from the exercise of his ownership rights in the vehicles. Plaintiff has not specifically responded to this portion of Defendants' motion.

Under New York law, "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. . . . This includes a denial or violation of the plaintiff's dominion, rights, or possession over

---

[5] The Court declines to convert the motion to one pursuant to Fed. R. Civ. P. 56.

[his] property. . . .  It also requires that the defendant exclude the owner from exercising her rights over the goods."  Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006) (internal quotations, alterations, and citations omitted).  If "'the conduct the plaintiff seeks to recover for amounts to the destruction or taking of the property, then the action is properly deemed one for conversion.'"  Thyroff, 460 F.3d at 404 (quoting Sporn v. MCA Records, Inc., 58 N.Y.2d 482, 488 (1983)).

Here, the Complaint alleges that Plaintiff allowed Defendants to take possession of the vehicles on condition that Defendants would advance payment on the claim.  The Complaint further alleges that, while Defendants' were in possession of the vehicles, "the vehicles were further damaged to a point where they became unable to be refurbished."  Defendants state that the vehicles were ultimately sold.

Viewing the Complaint in the light most favorable to Plaintiff and giving him every permissible inference, as the Court must on a motion for judgment on the pleadings, the allegations in the Complaint that Defendants took the vehicles and caused them to be damaged beyond repair, or alternatively, that Defendants' removal of the vehicles resulted in their being sold, is sufficient to state a claim for conversion.  Thyroff, 460 F.3d at 404.  The destruction of another's property is sufficient to state a claim for conversion.  See State v. Seventh Regiment Fund, Inc., 98 N.Y.2d 249, 260 (2002).  The sale of the vehicles can constitute excluding Plaintiff from the exercise of his ownership rights.  Id (noting that there may be a conversion where someone assumes to sell and dispose of property as their own).  Moreover, even if Plaintiff abandoned the property, absent evidence that Defendants or the lot owner took proper legal actions before selling the vehicles, that may not be enough to permit Defendants or the lot owner to destroy or sell the vehicles and avoid a claim for

conversion.  See East Harlem Unity Communications, Inc. v. G&S Investors, 20 Misc.3d 1111(A) (N.Y. City. Ct. 2008).[6]  Further, although Defendants claim that Adesa Impact, the lot owner, sold the vehicles, there may be facts evidencing that Adesa acted as Defendants' agent.

Defendants next argue that the conversion claim is duplicative of the breach of contract claim.  The Court disagrees.  Assuming, *arguendo*, that Defendants properly denied coverage under the terms of the policy and, thus, did not breach the contract, they may, nonetheless, be liable if their actions either destroyed Plaintiff's vehicles or caused them to be sold to a third-party buyer.  Stated otherwise, the facts may demonstrate that the conversion claim is not predicated on a breach of contract.  Accordingly, Defendants' motion to dismiss the conversion claim is DENIED.

### c.   Unjust Enrichment

Defendants move to dismiss the unjust enrichment claim on the ground that such a claim may not be maintained where there is a valid contract between the parties governing their relationship.  Through its unjust enrichment claim, Plaintiff seeks the return of premiums paid on the policy, essentially claiming that Defendants were enriched by having received premiums, but failing to perform under the insurance.

"The theory of unjust enrichment lies as a quasi-contract claim.  It is an obligation the law creates in the absence of any agreement."  Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 572 (2005); see also Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 388 (1987) ("The existence of a valid and enforceable written contract governing a particular

---

[6] The Court has disregarded Defendants' submissions outside the pleadings.

subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.").  Because Defendants have admitted the existence of a valid insurance contract covering the instant dispute, <u>see</u> Answer at ¶ 4, Plaintiff cannot maintain an unjust enrichment claim concerning the contract.  <u>Goldman</u>, at 587-88.  The unjust enrichment claim is, therefore, DISMISSED.

### d.   <u>Bad Faith/Breach of the Covenant of Good Faith and Fair Dealing</u>

Defendants next move to dismiss the bad faith claim on the ground that Plaintiff fails to allege any tortious conduct separate from the underlying contractual obligations.  Plaintiff responds that his bad faith claim should survive the motion to dismiss because Defendants did everything they could to prevent Plaintiff from filing his claim in a proper and orderly manner, made demands that were impossible to comply with, improperly took paperwork from Plaintiff, imposed unrealistic time demands, failed to cooperate with Plaintiff, falsely accused Plaintiff of forging documents, and treated Plaintiff poorly through the claims process.

Under New York law, "damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but . . . punitive damages may be recoverable if necessary to vindicate a public right."  <u>New York Univ. v. Continental Ins. Co.</u>, 87 N.Y.2d 308, 315 (1995).  As the New York Court of Appeals has stated:

> Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as "gross" and "morally reprehensible," and of such wanton dishonesty as to imply a criminal indifference to civil obligations.  We set forth in the decision the pleading elements required to state a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract.  They are: (1)

> defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon (10 NY2d 401, 404-405, supra); (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally. . . . Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract.

New York Univ., 87 N.Y.2d at 315-16.

Here, the allegations in the Complaint are insufficient to state a plausible bad faith claim. As in New York Univ., the crux of Plaintiff's allegations is "dissatisfaction with defendants' performance of the contractual allegations." 87 N.Y.2d at 319. Also as was the case in New York Univ., Plaintiff "concedes that defendants conducted an investigation, but argues that it provided an inadequate basis for defendants to deny plaintiff's claim. That allegation does not state a tort claim, it merely raises a question for the fact finder determining the breach of contract claim." Id. Notwithstanding Plaintiff's characterization of Defendants' conduct, his "claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of any underlying tort duty sufficient to support a claim for punitive damages." Id. at 320. The conduct alleged in the Complaint, even if true, does not rise to the level necessary to sustain a bad faith insurance practices claim.

Finally, the claim for the breach of the implied covenant of good faith and fair dealing must be dismissed because the covenent is implied in every contract and, therefore, is duplicative of the breach of contract claim. R.I. Island House, LLC v. North Town Phase II

Houses, Inc., 51 A.D.3d 890, 896 (2d Dep't 2008); Grazioli v. Encompass Ins. Co., 40 A.D.3d 696, 697 (3d Dep't 2007).  That claim is, therefore, DISMISSED.

**IV.      CONCLUSION**

       For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and Plaintiff's claims of unjust enrichment, breach of the implied covenant of good faith and fair dealing (to the extent Plaintiff seeks to assert this as separate from his breach of contract claim), and bad faith insurance practices are DISMISSED.  In all other respects, Defendants' motion is DENIED.

IT IS SO ORDERED.

Dated:February 20, 2009

Thomas J. McAvoy
Senior, U.S. District Judge